Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000066
29-NOV-2016
01:37 PM

NO. CAAP-15-0000066

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
STANLEY S. L. KONG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 09-1-0683(2))

MEMORANDUM OPINION
(By: Nakamura, Chief Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Stanley S.L. Kong (Kong) appeals from the "Order Denying Defendant's Motion to Reconsider or Reduce" (Order Denying Reduction of Sentence), filed on February 5, 2015 in the Circuit Court of the Second Circuit (circuit court).[1]

On appeal, Kong contends the circuit court erred when it denied Kong's Motion to Reconsider or Reduce filed pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 35(b), in which he sought to reduce his sentence, because: (1) the circuit court did not independently consider the merits of the motion; (2) the circuit court did not comply with the framework set forth in State v. Sinagoga, 81 Hawai'i 421, 918 P.2d 228 (App. 1996) overruled on other grounds by State v. Veikoso, 102 Hawai'i 219,

---

[1] The Honorable Peter T. Cahill presided, except where otherwise indicated.

226 n.8, 74 P.3d 575, 582 n.8 (2003); and (3) Plaintiff-Appellee State of Hawai'i (State) violated the terms of a plea agreement when it objected to Kong's motion.

For the reasons discussed below, we affirm.

## I.  Background

On April 11, 2011, the circuit court filed a Judgment of Conviction and Sentence (Judgment) convicting Kong of Count 1: Promoting a Dangerous Drug in the Second Degree and Count 2: Prohibited Acts Related to Drug Paraphernalia.[2]  Kong was sentenced to ten (10) years imprisonment for Count 1 and five (5) years imprisonment for Count 2 with terms to run consecutively for a total of fifteen (15) years imprisonment.

On May 10, 2011, in a prior appeal in appellate case No. CAAP-11-393, Kong appealed from the Judgment.  In that appeal, Kong (1) challenged his sentence, contending that the circuit court did not adequately justify the imposition of consecutive sentencing; (2) challenged the circuit court's use of Kong's Presentence Investigation (PSI) report in sentencing him because he contended it contained vacated convictions; and (3) contended the circuit court did not conduct a proper on-the-record colloquy when Kong terminated from the Maui Drug Court (MDC).  State v. Kong, 129 Hawai'i 135, 139, 295 P.3d 1005, 1009 (App. 2013).  This court affirmed Kong's conviction.  Id. at 137, 295 P.3d at 1007.  The Hawai'i Supreme Court accepted certiorari and on December 10, 2013, the supreme court affirmed this court's March 1, 2013 Judgment on Appeal.  State v. Kong, 131 Hawai'i 94, 108, 315 P.3d 720, 734 (2013).

On December 13, 2013, Kong filed a "Motion to Reconsider or Reduce" pursuant to HRPP Rule 35(b), to reduce his sentence.  On February 5, 2015, the circuit court entered the Order Denying Reduction of Sentence.

On February 6, 2015, Kong timely appealed from the Order Denying Reduction of Sentence.

---

[2]  The Honorable Shackley F. Raffetto entered the Judgment.

## II.   Jurisdiction

As an initial matter, in its answering brief, the State contends that we do not have jurisdiction over Kong's appeal because Kong appealed from an order and not a judgment.  Thus, the State contends this court lacks jurisdiction to consider the appeal pursuant to Hawaii Revised Statutes (HRS) § 641-11 (Supp. 2015), which provides in pertinent part: "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court[.]" (Emphasis added.)

However, "[a] 'post-judgment order is appealable in its own right only if it meets the test of finality applicable to all judicial decisions.'" State v. Johnson, 96 Hawaiʻi 462, 469, 32 P.3d 106, 113 (App. 2001) (citation omitted).  In Johnson, this court recognized that "[a] final order has been defined, albeit in the context of a civil case, as 'an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.'"  Id. (citation omitted).  Here, the circuit court's post-judgment Order Denying Reduction of Sentence ended the proceedings leaving nothing further to be accomplished. Thus, the order is appealable and we have jurisdiction over Kong's appeal.

### III.   The Circuit Court's Review of Kong's Motion

Kong contends that the circuit court abused its discretion by denying his HRPP Rule 35(b) Motion to Reconsider or Reduce because the circuit court failed to independently consider the merits of the motion.

HRPP Rule 35(b) provides:

The court may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 90 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding the judgment of conviction. A motion to reduce a sentence that is made within the time prior shall empower the court to act on such motion even though the time period has expired. The filing of a notice of appeal shall not deprive

3

the court of jurisdiction to entertain a timely motion to reduce a sentence.

Further,

[a] sentencing judge enjoys broad discretion in imposing sentences. *State v. Hussein*, 122 Hawai'i 495, 503, 229 P.3d 313, 321 (2010). However, the court must consider the factors set forth in HRS § 706-606 (1993). These same factors also apply to the court's decision on an HRPP Rule 35(b) motion to reduce a sentence. *State v. Kahapea*, 111 Hawai'i 267, 278, 280-82, 141 P.3d 440, 451, 453-55 (2006). It is presumed that the court has considered all of the statutory factors "[a]bsent clear evidence to the contrary." *Hussein*, 122 Hawai'i at 503, 229 P.3d at 321 (citation omitted). Although the sentencing court is not required to state its reasons for imposing a sentence, it is "urged and strongly recommended" to do so. *Id.* at 503, 229 P.3d at 321 (citation omitted).

State v. Sauceda, No. 30622, 2011 WL 1909112, at *1 (Haw. App. May 18, 2011) (SDO) (emphasis added).

HRS § 706-606 (2014) provides:

§ 706-606 Factors to be considered in imposing a sentence. The court, in determining the particular sentence to be imposed, shall consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed:
  (a) To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
  (b) To afford adequate deterrence to criminal conduct;
  (c) To protect the public from further crimes of the defendant; and
  (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available; and

(4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Based on our review, the circuit court sufficiently considered Kong's arguments for reducing his sentence. On May 15, 2014, Kong filed a "Memorandum in Support of Motion to Reconsider or Reduce" (Memorandum in Support) in which Kong requested a reduction in his sentence from fifteen to ten years because (1) Kong confessed and took responsibility for his actions; (2) Kong's co-defendant, who was charged as a

principal/accomplice and also self-terminated from MCD, received a concurrent five-year prison sentence; (3) a ten-year prison sentence better reflects the seriousness of the offense; and (4) a ten-year sentence would be less detrimental to Kong than fifteen years. Kong attached a document entitled "CCA-Saguaro Correctional Center *Progress Report for the State of Hawaii.*" The document lists the programs that Kong completed, and among the required programs, Kong completed the Cognitive Skills, Parenting, and GED programs. The document indicates that Kong had not completed the Substance Abuse program. Kong also attached an excerpt from a publication entitled "Prisoners Once Removed[:] The Impact of Incarceration and Reentry on Children, Families, and Communities."

On May 20, 2014, the circuit court held a hearing on Kong's Motion to Reconsider or Reduce. At the hearing, the court stated that it had reviewed the progress report that Kong attached to his Memorandum in Support of Motion and the circuit court noted that Kong had not completed the Substance Abuse program. The circuit court also stated that it reviewed the publication that Kong attached to his Memorandum in Support of Motion and read excerpts from the publication on the record.

On December 15, 2014, Kong filed a "Supplemental Memorandum in Support of Motion to Reconsider or Reduce" (Supplemental Memorandum in Support) in which Kong contended that previous convictions that were vacated more than fifteen years ago, and were also challenged in his previous appeal, were still being used against him. Kong attached (1) a Notice and Judgment on Appeal, dated December 7, 1994, in which this court vacated a judgment entered on October 13, 1992, convicting Kong in Criminal No. 92-0138(3) of Burglary in the Second Degree pursuant to HRS § 708-811 and Unauthorized Control of a Propelled Vehicle pursuant to HRS § 708-836; and (2) a Motion to Dismiss With Prejudice, filed on May 2, 1995, in which the State of Hawai'i moved to dismiss Criminal No. 92-0138(3) with prejudice. Also on December 15, 2014, Kong filed a "Written Notice of Objection to

5

the Pre-Sentence Report and Other Materials Contained in the Court File" (Written Notice of Objection). Kong stated that he objected and moved to strike, amend, delete and/or remove from the PSI report, *inter alia*, all references to Criminal No. 92-0138.

On January 15, 2015, the circuit court held a second hearing regarding Kong's Motion to Reconsider or Reduce and Kong was present by telephone. The circuit court asked Kong if he had any other convictions besides the ones that were overturned and Kong responded that he had one prior conviction for burglary. The circuit court then asked Kong if the court should overlook the conviction that was not overturned and Kong responded, "no." The circuit court stated that Kong was still focused on the past and should have told the court what he wanted to do in the future, but would not deny the motion on that basis alone. The circuit court further stated:

> This has already been -- this sentence was appealed, and the Supreme Court reviewed it, and if the Supreme Court felt -- I understand the grounds when they look at these things. But the appellate court -- the appellate court has really scrutinized a lot of these cases, especially with the composition of our present court. Even if it wasn't raised, if they feel this was inherently unjust or unfair, they would have sent it back, and they didn't.
> And so -- and I understand that disparity, but I don't know what Judge Raffetto's reasoning was, but that's what he did, and I just don't see the grounds to reconsider it or reduce it.

Thus, the circuit court considered each of Kong's arguments as to why the court should reduce his sentence.

Finally, because there is no clear evidence to the contrary, we presume that the circuit court considered all of the factors listed in HRS § 706-606 when it denied Kong's Motion to Reconsider or Reduce. See Hussein, 122 Hawai'i at 503, 229 P.3d at 321. Notably, the circuit court addressed the first factor of HRS § 706-606, "[t]he nature and circumstances of the offense and the history and characteristics of the defendant[,]" when the circuit court noted and Kong admitted that he was convicted of at least one prior instance of burglary. The circuit court

addressed the second factor, the need for the sentence imposed to protect the public from further crimes of the defendant and to provide the defendant with needed correctional treatment, when it found that Kong did not discuss his plans for the future and had not completed his drug treatment program. Finally, the circuit court addressed the fourth factor, "[t]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," when it considered Kong's argument that there was a disparity between his sentencing and his co-defendant's sentencing.

Therefore, the circuit court sufficiently considered the merits of Kong's motion.

### IV. Sinagoga Framework

Kong contends the circuit court failed to comply with the framework set forth in Sinagoga to address Kong's challenge that the PSI report contained convictions that had been vacated.

In Sinagoga, this court provided a five step process for Hawai'i courts to follow in cases where ordinary sentencing procedures are applicable and the court may use the defendant's prior convictions as a basis for imposing a prison sentence, including consecutive sentences. Sinagoga, 81 Hawai'i at 447, 918 P.2d at 254. The framework provides:

> Step one, the court shall furnish to the defendant or defendant's counsel and to the prosecuting attorney a copy of the presentence report, HRS § 706-604, and any other report of defendant's prior criminal conviction(s). Step two, if the defendant contends that one or more of the reported prior criminal convictions was (1) uncounseled, (2) otherwise invalidly entered, and/or (3) not against the defendant, the defendant shall, prior to the sentencing, respond with a good faith challenge on the record stating, as to each challenged conviction, the basis or bases for the challenge. Step three, prior to imposing the sentence, the court shall inform the defendant that (a) each reported criminal conviction that is not validly challenged by the defendant is defendant's prior, counseled, validly entered, criminal conviction, and (b) a challenge to any reported prior criminal conviction not made by defendant before sentence is imposed may not thereafter, absent good cause, be raised to attack the court's sentence. Step four, with respect to each reported prior criminal conviction that the defendant challenges, the [Hawai'i Rules of Evidence (HRE)] shall apply, and the court shall expressly decide before the sentencing whether the State satisfied its burden of proving

7

> to the reasonable satisfaction of the court that the
> opposite of the defendant's challenge is true. Step five, if
> the court is aware of the defendant's prior uncounseled or
> otherwise invalid criminal conviction(s), it shall not
> impose or enhance a prison sentence prior to expressly
> stating on the record that it did not consider it or them as
> a basis for the imposition or enhancement of a prison
> sentence.

Id.

In Kong's prior appeal, the supreme court evaluated the application of Sinagoga. The supreme court concluded that Sinagoga applied to Kong's case because it "is a case where 'ordinary sentencing procedures are applicable and there was a possibility that the court may use Kong's prior conviction(s) as a basis for the imposition or enhancement of a prison sentence.'" Kong, 131 Hawai'i at 105, 315 P.3d at 731 (citation and brackets omitted). However, the supreme court determined that because neither Kong nor his counsel objected to any of the convictions listed in the PSI report, "the circuit court did not err in relying on the PSI report." Id. at 107, 315 P.3d at 733 (footnote omitted). Thus, Kong did not satisfy the second step of the Sinagoga framework.[3]

Sinagoga provides a procedure for courts to follow during the imposition of a sentence. Here, Kong's HRPP Rule 35 motion requested that the circuit court reevaluate a sentence that was already imposed to determine whether the sentence should

---

[3] Additionally, the supreme court held that it would not utilize plain error review to address Kong's challenge to convictions in his PSI, noting that the circuit court had based its imposition of consecutive sentencing on Kong's extensive criminal record as a whole and the PSI reflected numerous convictions other than the alleged vacated convictions. 131 Hawai'i at 107, 315 P.3d at 733. The supreme court noted the following:

> The PSI report also indicates that Kong was convicted of
> seven felony burglaries. Thus, even excluding the burglary
> conviction in Cr. No. 92-0138, the circuit court would have
> been correct in noting that Kong's "extensive record"
> included "six burglary convictions." Although the vacated
> convictions in Cr. No. 92-0138 would mean that Kong was
> convicted of 8 total felonies, as opposed to the ten noted
> by the circuit court, the PSI report nonetheless contained
> sufficient information for the circuit court to reasonably
> conclude that Kong had a history of "extensive criminality."

Id. at 107 n.12, 315 P.3d at 733 n.12 (emphasis added).

be reduced.[4]  There is nothing in <u>Sinagoga</u> to suggest that it applies to Kong's motion to reduce his sentence.

Nonetheless, although Sinagoga does not apply here, we do not suggest that the circuit court should consider convictions improperly entered on a PSI report.  In fact, based on the record, it does not appear that the circuit court relied on the vacated convictions when it denied Kong's Motion to Reconsider or Reduce.  On May 20, 2014, the circuit court held the initial hearing on Kong's motion and, given Kong's assertion at the hearing that the PSI contained convictions that were vacated, the court instructed Kong to file a separate motion to request a correction to the PSI report.  The circuit court stated that a motion would give the State an opportunity to respond and the circuit court could then make a ruling about the PSI report.

On January 15, 2015, the circuit court held another hearing regarding the Motion to Reconsider or Reduce.  The circuit court asked Kong if he had any other convictions "besides the ones that were overturned[.]"  Kong responded that he had one other conviction.[5]  The circuit court asked "should I overlook that one, too[.]"  Kong responded "no" and stated, "I'm just asking to be sentenced for something I did do, not for something I didn't do."  The circuit court then stated, "[w]ell, I don't disagree with you there[.]"

Given the circuit court's instruction to file a motion to correct the PSI report and its dialogue with Kong during the

---

[4]  In evaluating the purpose behind HRPP Rule 35(b), prior to 1987, the Federal Rules of Criminal Procedure (FRCP) Rule 35 was substantially similar to HRPP Rule 35.  <u>See</u> <u>Hussein</u>, 122 Hawai'i at 512-13, 229 P.3d at 330-31; 3 Fed. Prac. & Proc. Crim. § 611 (4th ed.).  Prior to the amendment of FRCP Rule 35, "[t]he function of Rule 35(b) [was] simply to allow the district court to decide if, on further reflection, the original sentence now seems unduly harsh."  <u>United States v. Smith</u>, 650 F.2d 206, 208 (9th Cir. 1981)(citation and internal quotation marks omitted); 3 Fed. Prac. & Proc. Crim. § 611 (4th ed.)(FRCP Rule 35(b) "authorized the court to reduce a lawful sentence if, on further reflection, the court believed that it had been unduly harsh.").

[5]  Kong's assertion that he had one conviction, other than the ones that were overturned, is not consistent with the record as noted by the supreme court in the prior appeal.  <u>See</u> Footnote 3, *supra*.

January 15, 2015 hearing, it appears that the circuit court recognized that some of Kong's convictions had been vacated and that the court did not rely on those vacated convictions when it denied Kong's Motion to Reconsider or Reduce.

### V. Kong's Plea Agreement with the State

Kong contends on appeal that the State violated its plea agreement with Kong when it objected to Kong's Motion to Reconsider or Reduce. We note that Kong did not raise this issue before the circuit court. However, "[u]nder Hawaiʻi precedent . . . breaches of plea agreements provide appropriate bases for appellate review under the plain error standard, inasmuch as a breach 'implicates' 'due process[.]'" State v. Miller, 122 Hawaiʻi 92, 101, 223 P.3d 157, 166 (2010) (citation omitted). HRPP Rule 52(b) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

Kong contends that he entered into a plea agreement with the State before his original sentencing and points to a comment made by the Deputy Prosecutor at the January 15, 2015, hearing on Kong's Motion to Reconsider or Reduce. At that hearing, the State asserted that it "had made a plea agreement not to ask for consecutive sentences, which we did not, and Judge Raffetto let everybody know that, that was what his intention was." Kong does not dispute that at the time of his original sentencing, the State did not request consecutive sentencing. Kong instead contends that by opposing his Motion to Reconsider or Reduce, the State breached the plea agreement.

In opposing Kong's motion to reduce his sentence, the State argued that the circuit court had "fully considered all of the relevant circumstances at the sentencing hearing[,]" that Kong had been given "repeated opportunities to engage in treatment through the Maui Drug Court Program, and in spite of the support and supervision, he failed to commit to the program[,]" and that the supreme court had reviewed Kong's

sentence.

There is nothing in the record indicating that the State violated a plea agreement that precluded the State from requesting consecutive sentences.  Thus, Kong's substantial rights were not affected and the circuit court did not plainly err.

## VI.   Conclusion

Based on the foregoing, the Order Denying Defendant's Motion to Reconsider or Reduce, filed on February 5, 2015, in the Circuit Court of the Second Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, November 29, 2016.


On the briefs:

Benjamin E. Lowenthal,
for Defendant-Appellant.

Peter A. Hanano,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

*Lawrence M Reifurth*

Associate Judge

*Jim M Hiraoka*

Associate Judge


11